JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (CTBN 422187)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-6805
 Fax: (415) 436-6748

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CARL SCHLACHTE and NANCY SCHLACHTE** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Defendant.** )<br>_____) | **Case No. 04:07-cv-6446-PJH**<br><br>**UNITED STATES' ANSWER** |

     The United States of America answers plaintiffs' complaint as follows:

Parties

     1.     The United States admits paragraph 1 of the Complaint.

     2.     The United States admits paragraph 2 of the Complaint.

     3.     The United States admits paragraph 3 of the Complaint.

Jurisdiction

     4.     The United States admits that plaintiffs commenced this suit seeking a refund of income tax for the 2000 calendar year.  The United States denies that the income taxes at issue were illegally or erroneously assessed, and avers that plaintiffs signed a calendar year 2000 Form 1040X reporting that they owed the taxes at issue.

     5.     The United States admits that this court has jurisdiction pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422.

1  Venue

2   6.   The United States admits that venue is proper is Northern District of California
3  pursuant to 28 U.S.C. § 1391.

4   7.   The United States denies that the IRS wrongfully treated the purported loan and
5  pledge of stock between plaintiffs and Derivium as a sale of stock, and avers that plaintiffs have
6  treated the same transaction as a sale of stock in 2000 on the first amended tax return they filed,
7  and subsequently treated the transaction as a stock sale in 2003 on the second amended income
8  tax returns plaintiffs filed.  The United States further denies that penalties were wrongfully
9  assessed and collected, and avers that only a failure-to-pay addition to tax was assessed, under
10  26 U.S.C. § 6651, which was subsequently abated on July 30, 2007.

11   8.   The United States admits that plaintiffs transferred certain stock to Derivium, and
12  Derivium had the right to, among other things, sell the stock.  The United States lacks
13  knowledge sufficient to form a belief as to the remaining allegation of paragraph 8.

14   9.   The United States admits that plaintiffs signed the "Master Loan Agreement" with
15  Derivium.  The United States lacks knowledge sufficient to form a belief as to the remaining
16  allegations of paragraph 9.

17   10.   The United States lacks knowledge sufficient to form a belief as to the allegations
18  of paragraph 10.  The United States avers that the transaction plaintiffs entered into with
19  Derivium was a consensual transaction and plaintiffs forfeited the stock, but there was no theft.

20   11.   The United States lacks knowledge sufficient to form a belief as to the allegations
21  of paragraph 11.

22   12.   The United States lacks knowledge sufficient to form a belief as to the allegations
23  of paragraph 12.

24   13.   The United States denies that the position of the IRS (or CFTB) is incorrect, and
25  further avers that plaintiffs transferred title of the stock at issue to Derivium under the "Master
26  Loan Agreement."  The United States lacks knowledge sufficient to form a belief as to the
27  remaining allegations of paragraph 13.

28   14.   The United States denies the allegations contained in paragraph 14.  The United

States further avers that plaintiffs, not the IRS, has filed multiple tax returns for 2000 and 2003, claiming inconsistent positions.

15. The United States admits Derivium was a limited liability company organized in South Carolina during the years at issue.

16. The United States admits that Derivium marketed transactions purporting to be non-recourse loans that were provided in an amount that was roughly 90% of the value of the pledged stock, and as part of the promotion, Derivium advertised that it would return the stock to the customer provided the loan, interest, and any other fees were paid. The United States lacks knowledge sufficient to form a belief as to the remaining allegations of paragraph 16.

17. The United States lacks knowledge sufficient to form a belief as to the allegations of paragraph 17.

18. The United States admits that Derivium has acknowledged marketing more than 1,700 of the purported stock-loan transactions from 1998 through 2002. The United States further avers that Derivium mischaracterized the transaction as a loan, which was in fact, a stock sale for tax purposes.

19. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. The United States admits that plaintiffs entered into a transaction with Derivium, which was mischaracterized as a loan. The United States lacks knowledge sufficient to form a belief as to whether the agreement annexed to the complaint as Exhibit A is a true and correct copy of the agreement at this time.

21. The United States lacks knowledge sufficient to form a belief as to whether the transaction plaintiffs entered into with Derivium, is identical to other customers that purchased Derivium products.

22. The United States admits that plaintiffs entered into two transactions with Derivium and lacks knowledge sufficient to form a belief as to the remaining allegations of paragraph 22.

23. The United States lacks knowledge sufficient to form a belief as to exactly when

plaintiffs entered into the two transactions, but avers that it was between June and August 2000. The United States lacks knowledge sufficient to form a belief as to the remaining allegations of paragraph 23.

24.    The United States lacks knowledge sufficient to form a belief as to exactly when plaintiffs entered into the two transactions, but avers that it was between June and August 2000. The United States lacks knowledge sufficient to form a belief as to the remaining allegations of paragraph 24.

25.    The United States lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    The United States admits the allegation of paragraph 26.

27.    The United States admits the allegation of paragraph 27, and avers that the correspondence indicates plaintiffs did not respond to each of the notices sent by Derivium and the stock was forfeited.  The United States further avers that, at the time the purported loan "matured," the stock at issue sold for roughly one-tenth the price at the time of the Derivium transaction in 2000 and plaintiffs would have to pay about $3 million to repurchase $300,000 worth of stock under the terms of the agreement.

28.    The United States admits the allegation of paragraph 28, and avers that the correspondence indicates plaintiffs did not respond to each of the notices sent by Derivium and the stock was forfeited.

29.    The United States admits that plaintiffs were contacted by the California Franchise Tax Board, but lacks knowledge sufficient to form a belief as to the State's "position."

30.    The United States admits that the Derivium Loans are treated as sale for tax purposes.

31.    The United States denies paragraph 31.

32.    The United States denies that the IRS is requires to "honor a contract for a transaction," and plaintiffs' characterization of the transaction is not binding on the United States or its agencies.

33.    The United States lacks knowledge sufficient to form a belief as to the truth of the

1 allegations of paragraph 33, and avers that the documents speak for themselves.

2     34.     The United States denies paragraph 34.

3     35.     The United States lacks knowledge sufficient to form a belief as to the truth of the 4 allegations of paragraph 35.

5     36.     The United States lacks knowledge sufficient to form a belief as to whether 6 plaintiffs reported the transaction as a sale on their state income tax return, and denies that the 7 transactions were mischaracterized.

8     37.     The United States lacks knowledge sufficient to form a belief as to the truth of the 9 allegations of paragraph 37, but admits that plaintiffs have filed multiple income tax returns for 10 2000 (and 2003) apparently reporting these transactions as sales in both 2000 and 2003.

11     38.     The United States lacks knowledge sufficient to form a belief as to the truth of the 12 allegations of paragraph 38, but admits that plaintiffs have filed multiple amended income tax 13 returns for 2000 and 2003 apparently reporting these transactions as sales in both 2000 and 2003.

14     39.     The United States admits plaintiffs' refund claim was disallowed.

15     40.     The United States admits plaintiffs' refund claim was disallowed.

16     41.     The United States lacks knowledge sufficient to form a belief as to whether the 17 processing of the 2003 return was anything more than acting in accordance with plaintiffs' 18 request.

19     42-43.   The United States lacks knowledge sufficient to form a belief as to the allegations 20 contained in paragraphs 42-43.

21     44.     The United States admits that the IRS acknowledged the tax issue cannot be 22 collected twice.

23     45.     The United States admits the Notice of Intent to Levy was sent, but denies that the 24 IRS is attempting to collect the tax plaintiffs reported due for 2003 on the Form 1040X at this 25 time.

26     46.     The United States admits plaintiffs paid the amount of tax they reported due on an 27 amended income tax return for 2000.

28     47.     The United States denies that the IRS is attempting to collect the taxes plaintiffs

*United States' Answer*
*Case No. 07-6446-PJH*               -5-

reported due for 2003, and admits that the tax is due only for one year and the IRS is legally entitled to collect the taxes due for 2003 if the Court finds the sale occurred in 2003 rather than 2000.  The United States further avers that plaintiffs were not required to file an amended income tax return for 2003 to advance their claim for refund in 2000 because the United States would be entitled to collect the 2003 taxes due under the doctrine of equitable recoupment.

48.    The United States admits that plaintiffs' grounds for recovery relies on the claim that the sale occurred in 2003, not 2000, but denies that the transaction was a loan for federal tax purposes for any year.  The United States denies that plaintiffs are entitled to a loss because a "theft" occurred, and avers that plaintiffs received valuable consideration for their stock and suffered no loss.

49.    The United States denies that the IRS subjected the same transaction to tax twice, and avers that plaintiffs chose to submit amended income tax returns for multiple years reporting the tax due for more than one year.

50.    The United States denies that the IRS subjected the same transaction to tax twice, and avers that the IRS is not attempting the tax due for 2003 at this time.

## I. AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over portions of plaintiffs' claim;

2. If the Court determines that plaintiffs sold the pledged stock at issue in 2003, defendant is entitled to recover the gain from that sale under the doctrine of equitable recoupment.

///

## III.  RELIEF REQUESTED

The United States prays that the Court denies the relief requested by plaintiffs in its entirety.

                                    Respectfully submitted,

                                    JOSEPH P. RUSSONIELLO  
                                    United States Attorney

                                  */s/ Thomas M. Newman*  
                                  THOMAS M. NEWMAN  
                                  Assistant United States Attorney  
                                  Tax Division

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 5, 2008, to the CM-ECF system of the United States District Court for the Northern District of California for electronic delivery to all counsel of record.

        Mark J. Wilson  
        701 5th Ave., Ste. 5810  
        Seattle, WA 98104

                                  */s/Thomas M. Newman*  
                                  THOMAS M. NEWMAN  
                                  Assistant United States Attorney