JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (CTBN 422187)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-6805
 Fax: (415) 436-6748

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CARL SCHLACHTE and NANCY SCHLACHTE** | Case No. 03:07-cv-6446-PJH |
| Plaintiffs, | **UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **UNITED STATES OF AMERICA,** | Date:  May 28, 2008 |
| Defendant. | Time: 9:00 A.M. |

**INTRODUCTION**

On April 23, 2008, the United States filed a motion to partially dismiss plaintiffs' complaint as it relates to a purported theft loss deduction as a basis for relief.  (Dkt. No. 18.) Plaintiffs filed an opposition to the United States' motion on May 6, 2008.  In their opposition, plaintiffs contend that partial dismissal is not warranted based mainly on procedural grounds. Plaintiffs also argue that this Court has jurisdiction over the "theft" claim.  (Dkt. Nos. 20-21.) Plaintiffs' opposition is incorrect and, in fact, demonstrates that partial dismissal is appropriate.

**I. LEGAL BACKGROUND**

As related to this motion, there are at least two jurisdictional prerequisites to filing a refund suit in Federal Court.  First, a taxpayer seeking a refund of taxes must first file a "claim for refund ... with the Secretary."  IRC § 7422(a).  The regulations promulgated under section 7422(a) state that "a properly executed ... amended return [Form1040X] ... shall constitute a

claim for refund." Id.  Second, waiver of sovereign immunity under 28 U.S.C. § 1346(a)(1) is limited to include only suits for a refund of "tax alleged to have been erroneously ... collected." The Supreme Court has construed the quoted language of 28 U.S.C. § 1346(a)(1) as imposing the requirement that the taxes at issue be *fully paid* before a Federal Court can exercise jurisdiction over the claim.[1]

These two requirements provide necessary background since plaintiffs have never provided detailed information regarding the theft loss claim.  Plaintiffs have only asserted that under the "theft loss" theory they "would not record income from the transaction in 2000,"[2] but never state the factual basis, year, or amount of the claimed deduction.  As a starting point, plaintiffs filed a single valid claim for refund and fully paid the tax assessment for 2000.[3]  The 2003 tax year is not at issue because plaintiffs have not filed a refund nor have they fully paid the tax due for that year.[4]  In addition, plaintiffs cannot use the valid 2000 refund claims as a mechanism to introduce a theft loss for other years.[5]  Because no other year is at issue, this Court must construe plaintiffs' allegations as a request for a "theft loss" deduction in 2000 for the purposes of considering the partial motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] United States v. Flora, 362 U.S. 145, 176-77 (1960) ("A full-payment requirement will promote the smooth functioning of this system ... [28 U.S.C.] § 1346(a)(1) correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."); United States v. Kruger, 35 Fed. Appx. 165 (9th Cir. 2002) (same).

[2] Cmplt. ¶ 48.

[3] IRC § 7422(a); Flora, 362 U.S. 145, 176-77.

[4] Cmplt. ¶¶ 38, Exh. Q.  While plaintiffs filed a 2003 amended income tax return, that document is not a "claim for refund" because it reports a $146,662 liability, and no "overpayment [is] disclosed by such return."  26 CFR § 301.6402-3(a)(5); See Exh. S (Form 1040X for 2003.); Rosengarten v. United States, 149 Ct. Cl. 287, 289 (1960) ("We are aware of no case ... where a court has held that a request for refund for a particular year constituted a claim for *another* year..."); PALA v. United States, 234 F.3d 873 (5th Cir. 2000); See United States v. Stevens, 98 A.F.T.R.2d 2006-5184 (N.D. Cal. 2006) (citing PALA, "in the absence of any standard articulated by the Ninth Circuit.")

[5] See fn. 4. Plaintiffs' allegations regarding the theft loss are unclear.  In their complaint, ¶¶ 13 & 48, plaintiffs never specify a year.  In their response, plaintiffs state that they did not learn "they were victims of theft until after 2004." (Dkt. 20, at 12:5-8.)  Alternatively, they argue that the "claim of theft supports a 2003 disposition."  Id. at 11:11-12.  However, IRC § 165(e) provides that any loss arising from theft will be treated under Section 165(a) as *sustained during the taxable year in which the taxpayer discovers the loss*.  Plaintiffs never claim that they learned of the theft in 2000.

*Reply to Opposition to Motion to Dismiss*
*Case No. 07-6446-PJH*                -2-

### B.     Plaintiffs' Claimed Theft Loss Does Not Entitle Them to Relief.

Plaintiffs' theft loss claim is not supported by law or fact. However, plaintiffs oppose limited dismissal of the theft claim on technical grounds. Specifically, plaintiffs contend that Fed. R. Civ. P. 12(b) precludes a later-filed motion under that section after an answer is filed. (Dkt. No. 20, at 5-6.) Plaintiffs further claim they may be prejudiced by this post-answer motion. Neither of these claims has any merit.

First, numerous circuits have refused to "flatly deny a post-answer 12(b)(6) motion."[6] Indeed, Fed. R. Civ. P. 12(h)(2) allows a party to raise this defense as late as trial.[7] As related to this case, Courts generally allow post-answer motions to dismiss that dispose of baseless claims.[8] Second, plaintiffs' suggestion that they are prejudiced by this motion is unsupported. Contrary to their statements, the only harm that would result is if discovery is conducted, or this theft claim is advanced to trial when plaintiffs have no hope of recovery under this theory.

As the Eighth Circuit noted, "[t]o secure a deduction, [under IRC § 165] an actual loss be sustained. An actual loss is not sustained unless when the entire transaction is concluded the taxpayer is poorer to the extent of the loss claimed; in other words, he has that much less than before."[9] But here, plaintiffs allege Derivium paid them $2 million for ARM stock that was purchased for $189,000.[10] In the end, plaintiffs had nearly $2 million than before the transaction.

But in their response plaintiffs do not address their $2 million gain as applied to IRC § 165 – the only statute authorizing a theft loss deduction or gain. Plaintiffs sidestep that issue in

---

[6]<u>Lugo-Modesto v. Balmaceda</u>, 1997 U.S. Dist. LEXIS 23336 at *11, fn. 5 (D. P.R. 1997); <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990); <u>Beary v. West Publishing Co.</u>, 763 F.2d 66 (2nd Cir. 1985).

[7]<u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1093 (9th Cir. 1980).

[8]<u>Hungate v. United States</u>, 626 F.2d 60, 62 (8th Cir. 1980) (Noting that "[m]eritless claims should be disposed of at the first appropriate opportunity," in allowing a post-answer12(b)(6) motion.)

[9]<u>Shoenberg v. Commissioner</u>, 77 F.2d 446, 449 (8th Cir. 1935); <u>Burnett v. Huff</u>, 288 U.S. 156, 161 (1933).

[10]Cmplt. Exh. R (p. 5) (At times, the purchase price is stated as $280,000 in the United States' motion to dismiss because of inconsistencies in the exhibits annexed to the complaint, rather than $189,000. Any discrepancy has no effect on the motion, but the $189,468 is the correct figure.)

claiming that the Derivium agreement is unenforceable because it was "induced by deception," and cite cases discussing rescission of contracts on that basis. (Br. at 11:5-10.) Plaintiffs focus exclusively on intent to steal, without discussing the necessity of proving actual criminal appropriation[11] – or how the absence of any appropriation here entitles them to relief. Because the "tax laws deal with realities" the critical inquiry is not whether Derivium intended to defraud, but "whether an actual loss has been realized."[12] The critical fact that precludes a loss in any year is the $2 million payment. There is simply no question that dismissal of the theft claim is warranted since plaintiffs suffered no loss and they do not contend otherwise.

### C. The Court Lacks Jurisdiction Over the Theft Loss Claim

As noted previously, IRC § 7422 imposes a requirement that "a claim for refund or credit" must be filed with the IRS before a refund suit can be initiated. The regulations promulgated under section 7422(a) adds to that requirement the need to "set forth each ground upon which credit or refund is claimed and facts sufficient to appraise the Commissioner of the exact basis thereof" – a specificity requirement.[13] Plaintiffs' sole argument is that the IRS waived the regulatory requirement. Plaintiffs' conclusion is incorrect because they equate an informal claim,[14] presented orally to the IRS, with waiver.[15]

Here, plaintiffs only point to two communications with the IRS mentioning a theft loss claim to establish an informal claim. The first is an oral communication from plaintiffs' counsel on June 8, 2006, indicating that "there should be a theft loss." (Br. at 13:4-9.) Next, plaintiffs argue that a *July 26, 2006*-letter mentioning a theft loss proves waiver, without citing any authority for the proposition the claim can be amended *after* it was disallowed on June 26,

---

[11] Bellis v. Commissioner, 61 T.C. 354, 357 (1973), aff'd. 540 F.2d 448 (9th Cir. 1976); Harcinske v. Commissioner, T.C. Memo. 1984-132.

[12] Shoenberg, 77 F.2d 446, 449; Burnett, 288 U.S. 156, 161("The loss must be 'actual and present.'")

[13] Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir. 1985) quoting Treas. Reg. § 301.6402-2(b)(1).

[14] See PALA v. United States, 234 F.3d 873 (discussing informal claims.)

[15] Angelus Milling v. Commissioner, 325 U.S. 293, 296-298 (1945); Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir. 1985) .

*Reply to Opposition to Motion to Dismiss*
*Case No. 07-6446-PJH*                -4-

2006.[16] In fact, a taxpayer cannot amend a disallowed claim,[17] making the July 26, 2006-letter and the response from IRS Appeals irrelevant. (Isaacson Decl. Exhs. 2 & 4.)

Consequently, plaintiffs can only rely on the June 8, 2006-oral statement to demonstrate the existence of an informal claim. (Isaacson Decl. Exh. 3.) The following elements must be shown before an informal claim will be valid against the IRS: (1) the claim was "filed withing the statutory period;" (2) "[it] put the IRS on notice that taxpayer believes an erroneous tax has been assessed;" and (3) "[it] describes the year with sufficient particularity to allow the IRS to undertake an investigation."[18] Plaintiffs have not established the validity of their informal claim because the oral statement asserting entitlement to a "theft loss" is not an allegation that an erroneous tax has been assessed or a request for overpayment.[19] As noted above, plaintiffs' theft "loss" claim for 2000 results in tax liability under both IRC § 165 and longstanding Supreme Court precedent.[20]

Moreover, plaintiffs' oral statement never includes the year the loss is claimed. It is noteworthy that plaintiffs filed the 2000 refund claim with an amended tax return for 2003. In short, plaintiffs presented the Derivium transaction as a whole and made no attempt to specify whether they were asserting a theft loss in 2000, 2003, or some other year.

Plaintiffs' response demonstrates the lack of clarity in presenting the theft-loss year – a requirement that is necessary to validate an informal claim. Plaintiffs claim in their response: (1)

---

[16]Br. at 13:10 (claims that the letter was sent on June 26, which is the date the claim was disallowed. Cmplt. ¶ 39, Exh. S (disallowing claim on June 26, 2006)).

[17]Memphis Cotton Oil v. United States, 288 U.S. 62, 72-73 (1933); Smale & Robinson v. United States, 123 F. Supp. 457, 469-70 (9th Cir.1954).

[18]PALA v. United States, 234 F.3d 873.

[19]Newport Industries v. United States, 104 Ct. Cl. 38 (1945) (refund claim must request an overpayment, or refund of tax.)

[20]Burnett, 288 U.S. 156, 161; IRC § 1001("gain from the sale *or other disposition* of property shall be the excess of the amount realized therefrom over the adjusted basis); Martin, 61 F.2d 942, 944.

*Reply to Opposition to Motion to Dismiss*
*Case No. 07-6446-PJH*                -5-

"the theft occurred when [plaintiffs] were induced to sell their stock;"[21] (2) plaintiffs did not discover the loss until long after they forfeited the stock in 2003;[22] (3) the theft claim supports a 2003 disposition; (4) the last false representations were made in 2003;[23] and (5) the loss was discovered after 2004.[24] Despite plaintiffs' imprecision, a theft loss is a fixed, identifiable event occurring in only one year.[25] Consequently, this kind of imprecision would necessitate an investigation by the IRS, invalidating the purported informal claim.[26]

Plaintiffs must demonstrate that the IRS investigated the merits of the theft claim and took action on it, which they have not done.[27] Plaintiffs' "showing should be unmistakable [as] [i]t is not enough that in some roundabout way the facts supporting the claim may have reached [the IRS.]"[28] Plaintiffs' argument fails because they have not established that their communications created anything more than guesswork, and the evidence that the IRS acted on the theft claim is far from "unmistakable."[29] The IRS disallowance letter makes no mention of a theft claim, and there is no evidence that theory was ever considered.[30] Consequently, this Court lacks jurisdiction over the theft loss claim.

---

[21] Br. at 3:19-26.

[22] Id.

[23] Id. at 11:11-18.

[24] Id. at 12:5-8. IRC § 165(a) (authorizing a deduction in the year the theft is discovered.)

[25] Martin v. Commissioner, 61 F.2d 942, 944 (2nd Cir. 1932).

[26] Boyd, 762 F.2d 1369, 1371-1372 (informal claim is not valid if an additional investigation is necessary.)

[27] Quarty v. United States, 170 F.3d 961, 973 (9th Cir. 1999), citing Angelus Milling, 325 U.S. 293; Dunn & Black v. United States, 492 F.3d 1084, 1091 (9th Cir. 2007).

[28] Id.

[29] Quarty v. United States, 170 F.3d 961, 973 (9th Cir. 1999); Beckwith Realty v. United States, 896 F.2d 860, 864 (4th Cir. 1990).

[30] Cmplt. Exh. S (disallowance letter makes no mention of the theft loss claim.)

*Reply to Opposition to Motion to Dismiss*
*Case No. 07-6446-PJH*               -6-

## II.  CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss Plaintiff's complaint should be granted.

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/Thomas M. Newman*
THOMAS M. NEWMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 13, 2008, to the CM-ECF system of the United States District Court for the Northern District of California for electronic delivery to all counsel of record.

MARK J. WILSON
Isaacson & Wilson, P.S.
701 Fifth Ave, Suite 5810
Seattle, WA 98104

*/s/Thomas M. Newman*
THOMAS M. NEWMAN

*Motion to Dismiss*
*Case No. 07-6446-PJH*          -7-