HONORABLE PHYLLIS J. HAMILTON

IN THE UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CARL SCHLACHTE and
NANCY SCHLACHTE,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

*Case No.* CV 07-06446 PJH

PLAINTIFFS' BRIEF ON
ADMINISTRATIVE EXHAUSTION

**INTRODUCTION**

The main issue before the Court is whether it has subject matter jurisdiction to consider the Plaintiffs' theft loss claim. The Court does have jurisdiction because the theft loss claim was raised and considered in the administrative hearing before the decision became final for administrative exhaustion purposes.

The Court has ordered further briefing limited to the question: "whether, for administrative exhaustion purposes, the IRS' decision disallowing plaintiffs' 2000 refund claim was final upon issuance of the original June 2006 denial, or whether the decision only became final for administrative exhaustion purposes after the IRS completed the appeal of the June 2006 denial."

PLAINTIFFS' BRIEF ON ADMINISTRATIVE
EXHAUSTION - 1

ISAACSON & WILSON, P.S.
701 Fifth Avenue, Suite 5810
Seattle, Washington 98104
Telephone: (206) 448-1011
Fax: (206) 448-1022

The Schlachtes' theft loss claim was raised to the examining officer, Ms. Li, at the initial hearing, but the only writing documenting that the claim was raised at the examination level is Ms. Li's Examining Officer's Activity Record (Exhibit 3 to Declaration of Brian G. Isaacson in Support of Plaintiffs' Opposition to Motion to Dismiss, filed May 6, 2008). Ms. Li's report also shows that Mr. Isaacson's position was that the IRS did not know [when] the actual sales of stock occurred. *Id.* Plaintiffs assert that they have been unable to get the IRS to assert a date of "sale" for the stock as necessary for the theft loss computation. The written protest requesting Appeals office consideration also raised the theft loss claim. (Ex. 4 to Isaacson Decl.). Appeals considered the theft loss in the Appeals Case Memo. (Ex. 2 to Isaacson Decl.). The question appears to be whether this consideration was before, or after, the decision became final for administrative exhaustion purposes.

## DISCUSSION

I. **Administrative Remedies Not Exhausted Until the Appeals Process Is Completed**

Treasury Regulation § 301.7430-1 is entitled "Exhaustion of administrative remedies." The Regulation provides:

> … A party has not exhausted the administrative remedies available within the Internal Revenue Service with respect to any tax matter for which an Appeals office conference is available under §§ 601.105 and 601.106 of this chapter … unless--
> (i) The party, prior to filing a petition in the Tax Court or a civil action for refund in a court of the United States (including the Court of Federal Claims), participates, either in person or through a qualified representative … in an Appeals office conference; or
> (ii) If no Appeals office conference is granted, the party, prior to the issuance of a statutory notice in the case of a petition in the Tax Court or the issuance of a notice of disallowance in the case of a civil action for refund in a court of the United States (including the Court of Federal Claims)--
> (A) Requests an Appeals office conference in accordance with §§ 601.105 and 601.106 of this chapter; and
> (B) Files a written protest if a written protest is required to obtain an Appeals office conference.

PLAINTIFFS' BRIEF ON ADMINISTRATIVE
EXHAUSTION - 2

**ISAACSON & WILSON, P.S.**
701 Fifth Avenue, Suite 5810
Seattle, Washington 98104
Telephone: (206) 448-1011
Fax: (206) 448-1022

The required participation in the administrative process includes the appeals process. *Polyco, Inc., v. Commissioner,* 91 T.C. 963 (1988). Therefore, exhaustion can only be determined at the end of the appeal and exhaustion logically does not occur until the appeal is completed.

In addition, local IRS offices, and local IRS officers, lack the ability to make a final determination of the amount of tax owed and, therefore, can not make a final determination of the amount of a refund owed to a taxpayer claiming a refund. This proposition is explained in a widely accepted treatise on tax procedure:

> In general terms, the Office of Appeals has the "exclusive and final authority" to determine liability for most taxes in cases originating in a local office located within its area. (SPR, 26 CFR § 601.106(a)(1)). Appeals authority is exclusive because it is independent of the functions from whose determinations taxpayers appeal. (Before its 1998 reorganization, the Statement of Procedural Rules stated that the Appeals Office represents the Regional Commissioner in "his/her exclusive and final authority" (SPR, 26 CFR § 601.106(a)(1)(ii)) and that under certain conditions the Regional Commissioner may assume direct control over a case in the Appeals Office (26 CFR § 601.106(c)(3)). The Exclusive authority of the Appeals Office to make final determinations, including settlements, also appears to result from the fact that this delegation of authority runs directly from the Commissioner of Internal Revenue). Reaffirming the independence of Appeals representatives, the Statement of Procedural Rules states, "It shall be [the Appeals Officer's] duty to determine the correct amount of tax, with strict impartiality between the taxpayer and the Government, and without favoritism or discrimination as between taxpayers." (SPR, 26 CFR § 601.106(f)(2) (Rule I)). Appeals authority is final because there is no appeal from an Appeals Office decision to any other office in the Service. As a result, Appeals Offices serve as tribunals of last resort within the Service.

Michael I. Saltzman, <u>IRS Practice and Procedure</u>, § 9.03 (Revised Second Edition, 2002).

Because only the Appeals office has the "exclusive and final authority" to determine the Schlachtes' refund there could not have been a final determination on the merits of their claim or a final rejection of their refund claim until the conclusion of the appeals process. Because the Schlachtes' theft loss claim was raised and considered both during the

PLAINTIFFS' BRIEF ON ADMINISTRATIVE EXHAUSTION - 3

**ISAACSON & WILSON, P.S.**
701 Fifth Avenue, Suite 5810
Seattle, Washington 98104
Telephone: (206) 448-1011
Fax: (206) 448-1022

examination and at appeals (which had to be before the final rejection or final determination was made), the Court has jurisdiction to consider the theft loss claim in this action.

**II.  Exhaustion Does Not Occur If Appeals Has Signaled That It Will Reconsider a Claim.**

Claims arising when Appeals reconsiders a denial can be amended where (as here) the expiration of the period for filing a refund claim has not expired. In *Youngstown Sheet and Tube Company v. U.S.*, 79 Ct. Cl. 683 (1934), the Court of Claims ruled that the Commissioner was allowed to reconsider a prior denial and the taxpayer was allowed to amend the claim while it was under reconsideration even if the period for submitting a refund claim had expired. In *U.S. v. Andrews*, 302 U.S. 517, 526-27 (1938), the Supreme Court of the United States modified the *Youngstown* holding only to the extent that the amendment was required to have been made before the expiration of the period for filing a refund claim. This indicates that a refund claim is still allowed to be modified during a period where it is under reconsideration by Appeals and therefore that the final determination and administrative exhaustion do not occur until after any announced reconsideration of a refund claim by Appeals is completed. Therefore, even if the refund claim was denied, it was timely amended (Ex. 4 to Isaacson Decl.). It was then considered by Appeals as shown by Mr. Cunningham's Appeals Case Memo (Ex. 2 to Isaacson Decl.). Because this occurred before final determination (and administrative exhaustion), as shown by the *Youngstown* and *Andrews* cases, so the Court has jurisdiction to consider the theft loss claim in this action.

**III.  Exhaustion May Not Be the Determinative Factor Because the Theft Loss Claim Was Adequately Presented Before Ms. Li**

Mr. Isaacson's telephone call to Ms. Li regarding the theft loss claim, together with

PLAINTIFFS' BRIEF ON ADMINISTRATIVE
EXHAUSTION - 4

ISAACSON & WILSON, P.S.
701 Fifth Avenue, Suite 5810
Seattle, Washington 98104
Telephone: (206) 448-1011
Fax: (206) 448-1022

Ms. Li's note in her Examining Officer's Activity Record regarding the telephone call, adequately establish an informal claim for refund.

The Court was asked to consider *Stevens v. U.S*, 2006 U.S. Dist. Lexis 45611, 98 A.F.T.R.2d (RIA) 5184 (N.D. Cal. June 26, 2006). In the *Stevens* opinion, Justice Conti stated: "[S]everal cases have addressed … whether internal government documents alone can suffice as the written component [of an informal refund claim]. The consensus among them is that it can." *Id.* at 18-19 (citations omitted).

The Court might also consider *Computervision Corporation v. U.S.*, 444 F.3d 1355, 1365-1368 (Fed. Cir. 2003), and *The Western Company of North America v. U.S*, 323 F.3d 1024, 1035 (Fed. Cir. 2006). The Plaintiffs' situation is similar to Western's; despite the Schlachtes' requests the IRS would not provide the date of the "sale" they were claiming occurred. This information is necessary to make a formal theft loss claim because the economic loss required by IRC § 165(a) is the difference between what was received and the fair market value of the stock at the date of sale.

DATED this 4th day of June, 2008.

                 ISAACSON & WILSON, P.S.

                 __/s/   Mark J. Wilson_____
                 Mark J. Wilson, Cal. Bar No. 96985
                 Attorney for Plaintiffs

PLAINTIFFS' BRIEF ON ADMINISTRATIVE EXHAUSTION - 5

ISAACSON & WILSON, P.S.
701 Fifth Avenue, Suite 5810
Seattle, Washington 98104
Telephone: (206) 448-1011
Fax: (206) 448-1022

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was delivered on June 4, 2008 to the CM-ECF system of the United States District Court for the Northern District of California for electronic delivery to all counsel of record.

Thomas M. Newman    thomas.newman2@usdoj.gov

Mark J. Wilson    mjwilson@isaacsonwilson.com


\_\_\_\_/s/   Mark J. Wilson\_\_\_\_\_

PLAINTIFFS' BRIEF ON ADMINISTRATIVE EXHAUSTION - 6

ISAACSON & WILSON, P.S.
701 Fifth Avenue, Suite 5810
Seattle, Washington 98104
Telephone: (206) 448-1011
Fax: (206) 448-1022