JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (CTBN 422187)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-6805
 Fax: (415) 436-6748

Attorneys for the United States of America

### IN THE UNITED STATES DISTRICT COURT FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **CARL SCHLACHTE and NANCY SCHLACHTE** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **UNITED STATES OF AMERICA,** | ) ) |
| **Defendant.** | ) ) ) |

Case No. 03:07-cv-6446-PJH

**UNITED STATES' OPPOSITION TO PLAINTIFFS' REPLY**

### INTRODUCTION

On May 28, 2008, the Court heard oral arguments related to the defendant's motion for partial dismissal. Thereafter, the Court directed the parties to file further briefing regarding "whether, for administrative exhaustion purposes, the IRS' decision disallowing plaintiffs' 2000 refund claim was final upon issuance of the original June 2006 denial, or whether the decision only became final for administrative exhaustion purposes after the IRS completed the appeal of the June 2006 denial." The United States now files this reply addressing that issue.

### I. ARGUMENT

Plaintiffs' argument that the letter to IRS Appeals should be included as part of their claim, which was already disallowed, fails for at least two reasons. First, an inspection of IRC § 6532(a)(1) reveals an explicit requirement that a taxpayer seeking a refund under IRC § 7422 must file a suit in district court within two years from the notice of disallowance. IRC § 6532(a);

*Reply to Opposition to Motion to Dismiss*
*Case No. 07-6446-PJH*                              -1-

1  26 CFR 301.6532-1.  Subsection (a)(4) of IRC § 6532 clearly states that any "consideration, reconsideration, or action by the Secretary" after mailing the notice of disallowance does not operate to extend the two-year period of limitations.  Id.  In short, the initial disallowance is the operative event upon which a taxpayer can file suit in this Court.  In that regard, any subsequent reconsideration of the taxpayer's claim has no effect on jurisdiction.  IRC § 6532(a)(4) (defendant is not arguing that the theft claim is untimely – only that the initial disallowance is of jurisdictional relevance).

Along those same lines, numerous court have held that a properly filed claim for refund cannot be amended after it was disallowed.  Memphis Cotton Oil v. United States, 288 U.S. 62, 72-73 (1933) (disallowed claim cannot be amended); Smale & Robinson v. United States, 123 F. Supp. 457, 469-70 (9th Cir. 1954) (same).  For that reason, plaintiffs are foreclosed from claiming that the already-disallowed claim was somehow amended.  Moreover, the letter from IRS Appeals can only operate as a second disallowance if that letter clearly sets forth that the taxpayers are afforded an additional two years to file suit.  First Nat'l Bank v. United States, 102 F.2d 907, 915 (7th Cir. 1939) (IRS cannot waive statutory requirements of Section 6532); Fogel v United States, 75 AFTR 2d 2515 (W.D. Wis. 1995) (second formal notice of disallowance is required.)  However, that is not the case because the IRS Appeals Officer explicitly stated that "no formal claim disallowance letter will be issued."  (Isaacson Decl. Exh. 2, p. 2, ¶ 4).  Thus, there was only one letter disallowing the claim meeting the requirements of IRC § 6532.

Plaintiffs' argument that a claim can be amended, even beyond the two-year period of limitations, citing to United States v. Andrews, 302 U.S. 517 (1938), is inapplicable.  In Andrews, the original claim was not rejected and the amendment was "germane" to the original claim.  Id.  Although the theft claim here would be timely, the elements in Andrews are simply not met.  The theft claim is an entirely new claim, completely unrelated to plaintiffs' "loan" theory.  For those reasons, the scope of this Court's jurisdiction is limited to what was presented to the IRS as part of the originally rejected claim.

However, that does not dispose of the issue raised by the Court or the purported amendment.  As noted above, the theft claim is not a proper amendment because the valid claim

*Reply to Opposition to Motion to Dismiss*
*Case No. 07-6446-PJH*                    -2-

was already disallowed. <u>Smale & Robinson</u>, 123 F. Supp. 457, 469-70. Thus, the theft claim can only be viewed as a new, informal claim. See <u>PALA v. United States</u>, 234 F.3d 873 (discussing informal claims.) As already addressed, plaintiffs have failed to demonstrate that the IRS waived the formal specificity requirements with regard to the theft claim. An examination of plaintiffs' letter to IRS Appeals shows that they failed to state the year that the theft occurred, the amount of any refund, and the letter is not signed under penalties of perjury. <u>PALA v. United States</u>, 234 F.3d 873 (these are all required elements necessary to validate an informal claim); 26 CFR § 301.6402-2(b) (requiring refund claim to be signed under penalties of perjury on a Form 1040X). For that reason, the second problem with plaintiffs' theft claim, which has already been addressed, still remains: that the formal claim requirements were never waived by the IRS. There is simply no indication that the IRS accepted plaintiffs' letter as anything more than a reconsideration of the original claim. The IRS Appeals Officer rejected the claim based on plaintiffs' failure to fully pay the taxes at issue, and for no other reason. There is no indication that the Appeals Officer considered the theft claim, as it is not mentioned in his memorandum. (Isaacson Decl. Exh. 2, p. 2). For that reason, plaintiffs have not unmistakably shown that the IRS waived the formal requirements as to the theft loss. Thus, plaintiffs have not proven this Court has jurisdiction over the theft claim, which should be dismissed. <u>Quarty</u>, 170 F.3d 961, 973 (9th Cir. 1999).

      Lastly, plaintiffs argue that consideration by IRS Appeals is a prerequisite to satisfying the administrative exhaustion requirement of IRC §§ 6532 and 7422, citing 26 CFR § 301.7430-1. IRC § 7430 and that statute's underlying regulation deal with exhaustion of administrative remedies in the context of an award for attorney's fees in a tax suit, but nothing else. <u>Id</u>. Simply stated, this Court must first decide whether it has jurisdiction over the theft claim at all before fees, and administrative requirements for such an award, can be considered. <u>Latch v. United States</u>, 842 F.2d 1031 (9th Cir. 1988) (court lacks jurisdiction over attorney's fees claim under IRC § 7430 where the court did not have subject matter jurisdiction over the original claim). For that reason, and the fact that IRC §§ 7422 and 6532 impose their own administrative exhaustion requirements, Section 7430 is irrelevant.

## II. CONCLUSION

Plaintiffs' original claim was denied and cannot be amended for that reason. That original claim was disallowed and plaintiffs could file suit in this Court at that point. That claim did not include the purported theft claim. Moreover, the IRS never waived the formal claim requirements by considering plaintiffs' theft claim. For these reasons, the theft claim should be dismissed.

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/Thomas M. Newman*
THOMAS M. NEWMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on June 11, 2008, to the CM-ECF system of the United States District Court for the Northern District of California for electronic delivery to all counsel of record.

MARK J. WILSON
Isaacson & Wilson, P.S.
701 Fifth Ave, Suite 5810
Seattle, WA 98104

*/s/Thomas M. Newman*
THOMAS M. NEWMAN

*Motion to Dismiss*
*Case No. 07-6446-PJH*                -4-